Niven McConnell and F. H. Haley, impleaded, etc., et al., v. Henry B. Pierce.

1. LEASE—*particular, held binding.* In this case a lease conferring the right to mine minerals considered and held binding and incapable of removal as a cloud upon the owner's title.

2. FALSE REPRESENTATIONS—*what do not constitute.* Mere promises and like expressions do not constitute false representations within the meaning of the law.

3. PAROL EVIDENCE—*when, incompetent as varying terms of written instrument.* Where a contract purports to contain the entire agreement of the parties, parol evidence of other obligations cannot be introduced in that it tends to vary the terms of a written instrument.

4. LACHES—*effect of, upon claim of fraud.* Where there has been long acquiescence in the binding effect of a particular instrument, the doctrine of laches applies to defeat a claim that the execution thereof was obtained by fraud.

5. FRAUD—*who may interpose defense of.* The party defrauded. his legal representatives or lawful creditors, are the only persons entitled to interpose the claim of fraud; such right of action is not assignable.

Bill to remove cloud. Error to the Circuit Court of Pope County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded, with directions. Opinion filed September 9, 1904.

M. S. WHITLEY, for plaintiffs in error; WHITESIDE & DURFEE and MILLIKEN & CRAUMER, of counsel.

D. G. THOMPSON, for defendant in error; W. H. MOORE and W. D. BEAMES, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This was a bill filed by the defendant in error (hereafter referred to as complainant) against the plaintiffs in error (hereafter referred to as defendants) to set aside and declare void a mining lease as a cloud upon complainant's title. December 28, 1899, Jesse A. Crabb, then owner of the land in controversy, executed a mining lease, recorded April 12, 1902, to F. H. Haley, one of the defendants, of which the following is a copy :

" Know all men by these presents : That Jesse A. Crabb,

of Pope county, State of Illinois, for and in consideration of one dollar to him in hand paid by F. H. Haley, the receipt whereof is hereby acknowledged, and the further consideration of one-twentieth of all the hereinafter described products, to be paid by F. H. Haley, his successors or assigns, shall mine and carry away from the premises hereinafter described, which payment shall be made in cash if so agreed, do hereby grant, bargain, sell and convey unto the said F. H. Haley, his successors or assigns, all the coal, iron ore, clay, oil, gas and all other minerals, for the space of 50 years from the date hereof, which may be taken and removed during said period, which may be found in and upon the tract or parcel of land situated in the county of Pope, State of Illinois, and known and described as follows, to wit: Pt. N-W N-W 27–11–7, S-W N-W 27–11–7, 70 acres, also 3 acres in 28. It is agreed that as soon as it is settled that the railroad is to be built, prospecting shall commence, and if mineral in sufficient quantities is found, the first mining shall be done on this land; if no developments be made within three years this lease is void.

"It is agreed that each acre of land that is used as farm land, the surface of which is destroyed in mining, shall be paid for at $40 per acre, except as described below. And the said Jesse A. Crabb, for himself, his heirs and assigns, hereby covenant with the said F. H. Haley, his legal representatives and assigns, that until all the minerals above mentioned are mined out of said premises, the said F. H. Haley, his legal representatives and assigns, shall have the right of way over and under said premises, for the purpose of mining the same; also the right to use and occupy so much of the premises for ways, passages, rail and other roads, as may be necessary in caring for and conveying said minerals to market. And it is further agreed, that the said F. H. Haley shall have the option of purchasing the fee of the above described premises at any time within one year from this date at $—— per acre.

"In witness whereof, I have hereunto set my hand and seal, on the 28th day of December, A. D. 1899.

"JESSE A. CRABB. (L. S.)"

Afterwards, and on December 1, 1902, complainant acquired title to the land through mesne conveyances by quit-claim deed. March 21, 1900, Haley assigned his lease to the Hardin Mineral Company, by whom it was assigned to the defendant McConnell, December 1, 1902, the very

McConnell v. Pierce.

same day from which complainant dates title. The bill represents that complainant is in possession of the premises and charges that Haley procured the lease from Crabb by fraudulent representations and by promises not found in the writing; that he did not take the lease in good faith and with intent to effect.the purpose expressed by the contract; that the lease was given upon an implied condition that the work of prospecting and development should begin at once, and that in this the lessee failed; that whatever right he may have had under the contract was long since abandoned, and that the expressed condition, requiring development of the mine within three years, has not been complied with. The defendants answering denied the material allegations of the bill. Replications being filed, the case was tried by the court upon the pleadings, depositions and oral testimony and a decree entered in substantial accordance with the prayer of the bill. Defendants bring the case to this court on writ of error. Under the assignment of errors the construction of the lease, the finding of facts recited in the decree, and the granting of the relief as prayed in the bill, are brought into question and now presented for review.

We are clearly of opinion that the writing in controversy should be construed as a valid binding lease of the premises for the purposes therein stated, and that by it the lessee was vested with an interest in the minerals specified and the right to remove the same, subject only to the expressed condition, that developments *in mining* be made within three years. This is the clear purport and meaning of the language used. In the writing itself a distinction is made between *prospecting* and *development;* and as we view it, there is no ambiguity requiring parol testimony. It was agreed that prospecting should begin " as soon as it is settled that the railroad is to be built." The obligation to begin prospecting, and the limitation requiring development within three years, to be treated as separate independent provisions of the lease and in legal effect upon the duration of the term, are to be construed differently. The

first is a covenant for the breach of which an action at law for damages would lie. The second is a condition subsequent, which not performed, would by operation of law defeat the estate altogether. The lease was assignable under the statute and whatever interest and right Haley acquired from Crabb, vested in McConnell, subject, however, to all the requirements and conditions existing between the original parties. With this interpretation of the writing, the first material question to be considered is one of fact: was the lease procured by false and fraudulent representations, and for that reason may it be held absolutely null and void from the beginning? We are not satisfied with the finding of the Circuit Court on this issue. The testimony of Crabb, the lessor, the only evidence in the case bearing upon the question, is silent as to any false representations whatever which may be held to have induced the making of the lease. Haley's promise "to go to mining as quick as spring opened up," "to prospect with a core drill," and other expressions of like purport, are not "representations" within the meaning of the law, such as to affect the validity of the contract, whatever credit Crabb may have given to them. The written contract is held to contain all the *promises* made by either party and evidence of any others was irrelevant under the rule that parol testimony may not be heard to vary a written instrument. The doctrine of laches may well be applied to any complaint of fraud in the inception of this lease. The acquiescence of Crabb for so long a time after knowledge of the alleged fraud would estop him from raising the question—certainly as against McConnell.

Another principle of law may well be invoked by the defendants, and that is, that only the party injured, in this case the lessor or his creditors, may be heard to complain of the fraud charged. It is not an assignable right of which the complainant may avail himself. Whether the condition requiring development within three years was performed or not, remains to be determined, but as the case must be remanded for another reason, we refrain from

any discussion of the evidence bearing upon that point, or other questions involved. The time within which to comply with the requirements of this condition did not expire until December 28, 1902, and the bill in this case was filed December 18, 1902, ten days before any right in complainant to bring suit could have accrued. If the charge of fraud were maintained, this objection would not avail, but in our holding that the evidence will not support the finding that the lease was procured by fraud, there is left only as a foundation of the bill that the lease fails by reason of condition broken, and whatever the finding upon that issue, we are compelled to reverse the decree.

The appellee contends that the certificate of evidence is defective, in that it does not appear that all the evidence has been preserved in the record and for that reason that the decree should be affirmed. The certificate of the reporter under seal is made a part of the record by the judge's certificate, and recites fully as to *all the evidence in the case.*

For the reasons set forth in the foregoing opinion, the decree of the Circuit Court is reversed and the cause remanded, with directions to dismiss the bill without prejudice to complainant's right to sue in law or equity as he may determine.

*Reversed and remanded with directions.*